KARL KIEFER MACH. CO. et al. v. UNIONWERKE, A. G.

SAME v. HEYMAN.

(Circuit Court of Appeals, Second Circuit.   February 15, 1916.)

Nos. 168, 169.

1. PATENTS ⊕⟶328—VALIDITY AND INFRINGEMENT—FILTER PULP-PACKING MACHINE.

The Kiefer reissue patent, No. 12,455 (original No. 797,122), for a filter pulp-packing machine for pressing filter cake for beer filters, *held* valid, but not infringed.

2. PATENTS ⊕⟶328—VALIDITY AND INFRINGEMENT—BEER FILTER.

The Kiefer patent, No. 993,780, for a filter for straining beer, etc., claim 1, is valid, but, in view of the prior art, must be strictly construed, and, as so construed, *held* not infringed.

3. PATENTS ⊕⟶328—INVENTION—BEER FILTER.

The Kiefer patents, Nos. 1,015,326 and 1,023,254, each for a filter, used in the brewery art, *held* void for lack of invention.

Appeals from the District Court of the United States for the Southern District of New York.

Suit in equity by the Karl Kiefer Machine Company and Karl Kiefer against Unionwerke, A. G., and against Nathan H. Heyman.   Decrees for defendants, and complainants appeal.   Affirmed.

For opinion below, see 218 Fed. 847.

These causes come here upon appeal from decrees dismissing bills for alleged infringement of certain patents; the one suit is against manufacturer, the other against user.   Four patents are involved:

Reissue patent No. 12,455, issued February 20, 1906, to Karl Kiefer, for a filter pulp-packing machine.

Patent No. 993,780, issued May 30, 1911, to Karl Kiefer for a filter.

Patent No. 1,015,326, issued January 23, 1913, to Karl Kiefer, for a filter.

Patent No. 1,023,254, issued April 16, 1912, to Karl Kiefer, for a filter.

The suit against Heyman includes a separate cause of action for repeal, under section 4918, Rev. St. U. S., of a patent, No. 1,029,915, issued June 18, 1912, to Heyman as assignee of Bernno Danziger.

The filters are those used in the brewery art.   Both suits were tried together in open court before Judge Sanborn, whose opinion will be found in 218 Fed. 847.   He very fully discussed the patents, the prior art, and the structure of defendants; his opinion may be consulted for a presentation of the questions which have been argued here.

Henry D. Williams, of New York City, for appellants.

Edmund Wetmore, of New York City, for appellees.

Before LACOMBE, WARD, and ROGERS, Circuit Judges.

PER CURIAM.   Upon the hearing we were inclined to the opinion that the District Judge had unduly limited the two claims of the first patent relied on, Nos. 9 and 10, that they should be taken at their face value, and that, thus construed, they covered, defendants' device. But more careful study of the patent has induced the conclusion that they must be construed as he construed them, or they would not embrace the invention set forth in the specification, and for which Kiefer's patent was granted.

⊕⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes.

In his discussion of the third patent above enumerated, No. 1,015,-326, the District Judge erroneously assumed that Figure 3 of the drawings was not inserted until after renewal, July 13, 1911; it was inserted long prior thereto, September 20, 1907. Without that figure apparently certain channels in the compressing plates could not be made out, and the court sustained the contention of defendant that the patent was void for lack of description, and because new matter was put into the renewal claims without any supplementary affidavit. This, however, was not the only ground on which he dismissed the bill as to this patent. Every one of the claims in issue (14, 15, 16, 17, 19, 20, 21, 22, 23, 24, 25) specifies as an element of the claim that the pulp forming the filter layer shall be compressed extraneously of the filter structure. It was quite natural for the patentee to insert these words in each of the claims, because in the final analysis the novelty of his device lies in the circumstance that the filter layers are made (by compression) wholly outside of the filter, and not inside of the filter or in connection with any part (such as a plate) which belongs to the filter as an operative organized structure. We do not think this method of making filter layers is patentable, either as a machine or as a product.

With this brief comment, we are satisfied to affirm the decrees on the opinion of the District Judge.

Decrees affirmed, with costs.